### LAPEZE v. O'KEEFE et al.
### No. 14979.

Court of Appeal of Louisiana. Orleans.
Feb. 18, 1935.

For former opinion, see 158 So. 36.

H. W. & H. M. Robinson, of New Orleans, for appellant.

Alvin R. Christovich, of New Orleans, and Hardin & Coleman, of Shreveport, for appellees.

JANVIER, Judge.

This is an action ex delicto growing out of an automobile accident. In the prayer attached to her petition plaintiff asks for judgment against the following: (1) Donald O'Keefe, the driver of the automobile; (2) Miss Elizabeth O'Keefe, the owner of the automobile; (3) Constitution Indemnity Company of Philadelphia, which is alleged to have issued a policy of liability insurance to Miss O'Keefe "insuring her and persons riding in, or legally operating her automobile, with her permission, against all liability for damages caused to said persons by reason of the operation of her automobile"; (4)

Lloyds Insurance Company of America, which is alleged to have assumed "all the insurance policies and all the liabilities * * * under policies formerly in force of the said Constitution Indemnity Company of Philadelphia."

When the matter was first before us we disapproved of the judgment which had been rendered in the district court, and we rendered a decree in favor of plaintiff and against the driver, Donald O'Keefe, only. We felt that had there been proof of the issuance of the insurance policy by the Constitution Indemnity Company and of the assumption by Lloyds Insurance Company of the obligation thereunder there should also have been judgment against those companies, but we said: "Neither the policy nor a copy thereof was introduced and filed in evidence, consequently, we are in ignorance of the terms of the policy and without sufficient evidence upon which to render a judgment against the defendant casualty companies."

In an application for rehearing plaintiff directs our attention to the fact that there is in the record a statement made by counsel for the defendants which should be construed as an admission that the insurance policy in question had been issued by the Constitution Indemnity Company, and that the obligation thereunder had been assumed by Lloyds Insurance Company.

When the matter was again presented before us, counsel for plaintiff produced the original policy, and counsel for the two insurance companies stated that, though they could not agree to the introduction thereof, they would interpose no objections.

The statement made on the original trial, which counsel for plaintiff claims should be construed as an admission that there was an insurance policy and that the obligation thereunder was assumed by the second insurer, reads as follows: "By Mr. Christovich: Yes, sir, Lloyds Ins. Co., took over the Constitution Indemnity Company, which was the actual insurer, so these allegations are correct. The defense is, we deny that Mr. O'Keefe was negligent in any manner, etc."

In view of the fact that the policy is now before us without objection, and also in view of the statement made by counsel for defendants when the matter was on trial below, we are justified in rendering a decree solidarily against the two insurers within the terms and limits of the policy. The policy limits recovery by any one person to the sum of

$5,000, and since only one person was here injured the limit of the liability of the insurers is $5,000.

It is therefore ordered, adjudged, and decreed that the decree rendered by us be, and it is, recalled and amended, and accordingly it is further ordered, adjudged, and decreed that in so far as the judgment appealed from dismisses plaintiff's suit against Miss Elizabeth O'Keefe, it is affirmed, and in so far as the said judgment dismisses plaintiff's suit as against Mr. Donald O'Keefe, Constitution Indemnity Company of Philadelphia, and Lloyds Insurance Company of America, it is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of plaintiff, Miss E. E. Lapeze, and against Donald O'Keefe, in the sum of $7,116.45, and against Constitution Indemnity Company of Philadelphia and Lloyds Insurance Company of America in the sum of $5,000. The judgment against the three defendants up to the amount of $5,000 to run jointly, severally, and solidarily; defendants to pay all costs.

Decree recalled and amended. Original judgment affirmed in part; reversed in part.